

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7515
Washington, DC 20530

Tel: (202) 514-8877

March 28, 2025

Nwamaka Anowi
Clerk of the Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

    Re:    *American Federation of Teachers, et al. v. Scotte Bessent, et al.*, No. 25-1282

Dear Ms. Anowi:

    On March 24, 2025, the government filed a motion for a stay pending appeal in this Court. In that motion, the government alerted the Court that, in accordance with Federal Rule of Appellate Procedure 8, it had filed a motion for a stay pending appeal in district court earlier that day, but that the district court had not yet acted on it. Docket No. 6. The government committed to "inform this Court when the district court acts on the motion." Dkt. No. 6, at 7. The government submits this notice to inform the Court that the district court denied the government's stay motion earlier today. The district court's decision is attached to this letter as Exhibit A.

                                  Sincerely,
                                  /s/ *Jack Starcher*
                                  Jack Starcher

cc:    All counsel by ECF

## CERTIFICATE OF SERVICE

       I hereby certify that on March 28, 2025, I electronically filed the foregoing letter with the Clerk of the Court by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

                                                 /s/ *Jack Starcher*
                                                 Jack Starcher

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMERICAN FEDERATION OF TEACHERS, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civ. No. DLB-25-0430 |
| | * | |
| SCOTT BESSENT, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**ORDER**

On March 24, 2025, the Court granted a preliminary injunction enjoining the U.S. Department of Education ("Education"); Denise L. Carter, the Acting Secretary of Education; the Office of Personnel Management ("OPM"); Charles Ezell, the Acting Director of OPM; the U.S. Department of the Treasury ("Treasury"); Scott Bessent, the Secretary of the Treasury; and their officers, agents, servants, employees, and attorneys from disclosing the personally identifiable information of the plaintiffs and the members of the plaintiff organizations to any "DOGE" affiliates."[1] ECF 69. Within hours of the ruling, the defendants filed a notice of appeal of the preliminary injunction order to the United States Court of Appeals for the Fourth Circuit, ECF 70, and moved to stay the preliminary injunction pending appeal, ECF 72. The plaintiffs opposed the motion to stay. ECF 75. The motion to stay pending appeal is denied.

---

[1] The Department of Government Efficiency ("DOGE") was established on January 20, 2025 by Executive Order 14,158. 90 Fed. Reg. 8441 (Jan. 29, 2025). The Court's March 24 Order defines "DOGE affiliates" as "individuals whose principal role is to implement the DOGE agenda as described in Executive Order 14,158 and who were granted access to agency systems of records for the principal purpose of implementing that agenda." ECF 69, ¶ 1. "DOGE affiliates" includes Thomas Krause and Ryan Wunderly but does not include OPM Acting Director Ezell, OPM Chief Information Officer Greg Hogan, or OPM Chief of Staff Amanda Scales. *Id.*

Courts consider four factors when determining whether to stay an order pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Of these factors, "[t]he first two . . . are the most critical." *Id.* The party seeking the stay bears the burden of showing that the circumstances justify an exercise of judicial discretion. *Id.* at 433–34. "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433 (quoting *Virginian Ry. v. United States,* 272 U.S. 658, 672 (1926)).

The defendants argue that they will likely succeed on appeal because the plaintiffs do not have standing, have not challenged a final agency action reviewable under the Administrative Procedure Act, and are not likely to succeed on the merits of their claims. The defendants made these same arguments twice before—once during the temporary restraining order briefing and then again during the preliminary injunction briefing. And twice, the Court rejected them. *See* ECF 38, at 10–29; ECF 68, at 14–61. These stale arguments are not grounds for a stay pending appeal.

The remaining factors—irreparable harm to the defendants, prejudice to the plaintiffs, and the public interest—do not weigh in favor of a stay. The Court has found—and stands by its finding—that the plaintiffs will suffer irreparable harm without an injunction. *See* ECF 68, at 61–65. As for harm to the defendants, the government argues that the injunction "impinges on the President's broad authority over and responsibility for directing employees in important work to modernize federal government systems and identify fraud, waste, and abuse throughout the federal government." ECF 72, at 5. If the injunction "impinges on the President's broad authority," that is a direct consequence of the likely unlawful actions of the agency defendants. The President's

power to direct federal agencies to implement his agenda does not authorize the agencies to disregard the law. By entering a preliminary injunction, the Court is upholding the law, not, as the government says, "curtail[ing] the Executive Branch's core duty to manage the day-to-day operations of its agencies." ECF 72, at 5. If an injunction curtails the management of the daily operations of the federal agencies, that, too, is a direct consequence of the likely unlawful agency actions. The public interest lies in protecting the privacy rights of individuals who gave sensitive personal information to the federal government with the understanding that the government would protect this information from unlawful disclosure. The likely unauthorized disclosure of their information to DOGE affiliates breaches the public's trust and is an unlawful government intrusion into these individuals' private lives. The public interest does not favor a stay of the preliminary injunction.

      The defendants' motion to stay the preliminary injunction, ECF 72, is DENIED.

Date: March 28, 2025

                                                                            Deborah L. Boardman
                                                                           United States District Judge