# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> SCOTT BESSENT, et al., <br><br> Defendants-Appellants. | No. 25-1282 |

## PLAINTIFFS-APPELLEES' OPPOSITION TO MOTION FOR A STAY OF BRIEFING SCHEDULE

Plaintiffs-Appellees oppose Defendants-Appellants' motion for a stay of the briefing schedule, for the reasons set forth herein.

1. On September 8, 2025, Plaintiffs-Appellees filed their petition for rehearing en banc, which sought en banc review of the panel decision issued in this case on two grounds: First, the panel decision's holding that courts should evaluate likelihood of success on the merits by multiplying probabilities is unprecedented and conflicts with the longstanding test for preliminary injunctive relief set by the Supreme Court and followed by every other Circuit; and second, the panel decision's standing analysis cannot be reconciled with this Court's previous decision in *Garey v. James S. Farrin, P.C.*, 35 F.4th 917 (4th Cir. 2022), decisions by the Supreme

1

Court, or the decisions of at least seven Circuits addressing the same or a substantially similar issue. Dkt. No. 57.

2. Three days later, on September 11, 2025, counsel for Defendants-Appellants appeared on behalf of the government before the en banc Fourth Circuit in a related case, *Am. Fed'n. of State, Cnty. and Mun. Emps., AFL-CIO v. Soc. Sec. Admin.*, No. 25-1411 ("AFSCME").

3. At oral argument, counsel for Defendants-Appellants was asked about the panel decision issued in this case.[1] In particular, counsel was asked to address the "statistical reasoning" employed by the panel here to reverse the district court's grant of preliminary relief to Plaintiffs-Appellees, and whether it was appropriate for the Court to use such "statistical reasoning" in deciding preliminary injunction cases. Counsel for Defendants-Appellants acknowledged that Plaintiffs-Appellees had filed a petition for rehearing en banc on that aspect of the panel decision, which was pending before the Court, and articulated the government's view of the issue. Notably, the government *conceded* that "the math part of it [the panel decision] maybe seems novel and new,"[2] and that it was not aware of *any other court in the*

---

[1] The initial exchange between counsel for Defendants-Appellants and the Court about the panel decision's pronouncement of a new standard for preliminary injunctive relief begins at 40:06 in the Court's official oral argument recording, which may be viewed at https://www.youtube.com/watch?v=ioskch_etcU. A second exchange takes place beginning at approximately 53:07.
[2] *Id.* at 41:55.

2

*country* that had adopted the mathematical approach set forth in the panel decision.[3]

4. Since the panel decision was issued, district courts within this Circuit have been forced to apply a mathematical approach when evaluating requests for preliminary relief that is out of step with decisions by every other court in this country, including the Supreme Court. *See, e.g.*, *PSEG Renewable Transmission LLC v. Alvi Props., LLC*, No. 25-cv-2296-ABA, 2025 WL 2684868, at *1 (D. Md. Sept. 2, 2025) (citing the panel decision and stating that "the Fourth Circuit has arguably heightened the standard for plaintiffs to show a likelihood of success on the merits" under the Supreme Court decision, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)), *appeal docketed*, No. 25-2120 (4th Cir. Sept. 19, 2025); *NAACP v. United States*, No. 8:25-cv-00965-JRR, 2025 WL 2402191, at *18 (D. Md. Aug. 19, 2025) (denying preliminary injunctive relief because of the "multiplicative problem" described in the panel decision).

5. That error will only proliferate among the district courts in the coming weeks and months, as defendants rely on this new standard to urge courts within this Circuit to deny requests for preliminary injunctive relief even when, as here, the plaintiff has shown a likelihood of success on the merits of his or her claim. *See, e.g.*, Federal Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, *Chestnut v. United States*, No. 4:25-cv-9700, 2025 WL 2674828 (D.S.C.

---

[3] *Id.* at 53:39.

Aug. 20, 2025), (asserting that under the panel decision, the plaintiff must show "an *extremely high* likelihood of success on one of her claims" (emphasis added)).

6. This Court's en banc review is urgently needed to ensure that plaintiffs in this Circuit will have their claims for preliminary relief evaluated under the legally correct standard that had, prior to the panel decision, prevailed for decades.

7. The government's request to stay briefing on Plaintiffs-Appellees' petition for rehearing en banc for an indeterminate period is not well-founded under the circumstances and does not present the sort of "extraordinary circumstances" that this Court requires for briefing extensions. *See* Local Rule 31(c). Though regrettable, the lapse in federal appropriations does *not* prevent the government from litigating active cases when courts decline to stay proceedings. In the event this Court denies the request for a stay, counsel for Defendants-Appellants are *expressly authorized* to work on matters to meet court-ordered deadlines. *See* U.S. Dep't of Just. FY 2026 Contingency Plan at 3 (Sept. 29, 2025) ("If a court denies such a request [for a stay] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue.").

8. There are at least two special considerations that outweigh Defendants-Appellants' interest in staying the briefing schedule. First, the length of the stay is indeterminate and depends entirely on when federal appropriations resume—which

4

may be weeks or even more than a month from now, on top of which Defendants-Appellants have requested an additional fourteen days. During that time, district courts within this Circuit will continue to adjudicate requests for preliminary relief under the wrong legal standard, potentially denying other litigants injunctive relief to which they are entitled and facilitating irreparable harm. Plaintiffs-Appellees will also continue to be deprived of the urgent relief they seek and to which they are entitled under the correct legal standard. Plaintiffs-Appellees respectfully submit that given the sea-change the panel decision has brought about in an exceptionally important and recurring area of the law, en banc review is urgently needed and should not be delayed for an indefinite period of time. The risk the panel decision poses to litigants that come before courts in this Circuit is simply too grave to accommodate a stay.

9. Second, counsel for Defendants-Appellants has *already* articulated the government's position on Plaintiffs-Appellees' petition to the en banc Court during oral argument in *AFSCME*. Having done so, the Court is familiar with the contours of the government's response to the petition for rehearing en banc and the government's reasoning. In light of this—and the thinking Defendants-Appellants have already done on the petition for rehearing en banc—Plaintiffs-Appellees respectfully submit that a stay of the briefing schedule is unwarranted and

Defendants-Appellants' request for an *additional fourteen days* on top of the duration of the government shutdown is particularly unjustified.

## CONCLUSION

The issues presented in Plaintiffs-Appellees' petition for rehearing en banc implicate how courts within this Circuit will (1) evaluate requests for preliminary relief and (2) assess standing for violations of a person's privacy rights. These are significant, weighty matters with sweeping implications for countless litigants. The government has not identified any countervailing considerations sufficient to outweigh the urgency needed for this Court's *en banc* review; indeed, counsel for Defendants-Appellants are expressly authorized to work on a response to the petition for rehearing en banc if the stay request is denied. Plaintiffs-Appellees respectfully request that the Court deny the government's motion to stay the briefing schedule in this case.

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

|  | By:     */s/John L. Schwab* |
|---|---|
| Carson Scott | John L. Schwab |
| MUNGER, TOLLES & OLSON LLP | Wendy Q. Xiao |
| 560 Mission St., 27th Floor | Liam Gennari |
| San Francisco, CA 94105 | MUNGER, TOLLES & OLSON LLP |
| Telephone: (415) 512-4000 | 350 South Grand Avenue, 50th Floor |
|  | Los Angeles, CA 90071 |
|  | Telephone: (213) 683-9100 |
| Mark Hanna |  |
| David Rodwin | Xiaonan April Hu |
| MURPHY ANDERSON PLLC | MUNGER, TOLLES & OLSON LLP |
| 1401 K Street NW | 601 Massachusetts Avenue NW, |
| Suite 300 | Suite 500 E |
| Washington, D.C. 20005 | Washington, D.C. 20001 |
| Telephone: (202) 223-2620 | Telephone: (202) 220-1100 |
| Kristy Parker | Jessica A. Marsden |
| PROTECT DEMOCRACY PROJECT | PROTECT DEMOCRACY PROJECT |
| 2020 Pennsylvania Ave. NW, | 510 Meadowmount Village Circle |
| Suite 163 | No. 328 |
| Washington, DC 20006 | Chapel Hill, NC 27517 |
| Telephone: (202) 843-3092 | Telephone: (202) 579-4582 |

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,137 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). I further certify that this brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in proportionally spaced 14-point Times New Roman font using Microsoft Word.

DATED: October 1, 2025          MUNGER, TOLLES & OLSON LLP

                                By:   */s/John L. Schwab*

                                *Counsel for Plaintiffs-Appellees*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2025, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Fourth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED: October 1, 2025            MUNGER, TOLLES & OLSON LLP


                                  By:    */s/John L. Schwab*