FILED: October 9, 2025

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 25-1282
(8:25-cv-00430-DLB)

———————————

AMERICAN FEDERATION OF TEACHERS; INTERNATIONAL ASSOCIATION
OF MACHINISTS AND AEROSPACE WORKERS; NATIONAL ACTIVE AND
RETIRED FEDERAL EMPLOYEES; NATIONAL FEDERATION OF FEDERAL
EMPLOYEES; DONALD MARTINEZ, c/o Murphy Anderson PLLC; JASON CAIN,
c/o Murphy Anderson PLLC; CLIFFORD GRAMBO, c/o Murphy Anderson PLLC;
THOMAS FANT, c/o Murphy Anderson PLLC; CHRISTOPHER PURDY, c/o Murphy
Anderson PLLC; KRISTOFER GOLDSMITH, c/o Murphy Anderson PLLC;
INTERNATIONAL FEDERATION OF PROFESSIONAL & TECHNICAL
ENGINEERS

        Plaintiffs - Appellees

v.

SCOTT BESSENT, in his official capacity as Secretary of the Treasury; UNITED
STATES DEPARTMENT OF THE TREASURY; CHARLES EZELL, in his official
capacity as the Acting Director of the Office of Personnel Management; LINDA
MCMAHON, in her official capacity as the Secretary of Education; UNITED STATES
OFFICE OF PERSONNEL MANAGEMENT; UNITED STATES DEPARTMENT OF
EDUCATION

        Defendants – Appellants

———————————

O R D E R

———————————

Upon consideration of the submissions relative to appellants' motion to stay the time

to file a response to the petition for rehearing en banc in light of the lapse of appropriations,

the court denies the motion.

     Entered at the direction of Judge Richardson with the concurrence of Judge King and Judge Agee.

              For the Court

              /s/ Nwamaka Anowi, Clerk

KING, Circuit Judge, concurring:

I write to explain my vote to deny the government's motion to extend the time for filing its response to the plaintiffs' petition for rehearing en banc in this case, pending the restoration of appropriations to the Department of Justice.  Critical to my vote is that the plaintiffs contest the heightened preliminary injunction standard concocted by our Court's panel majority.  *See Am. Fed'n of Tchrs. v. Bessent*, No. 25-1282 (4th Cir. Aug. 12, 2025), ECF No. 55 (the "Panel Decision").  As explained herein, because the panel majority's new standard conflicts with binding Supreme Court and Fourth Circuit precedents, the courts within this Circuit are not obliged to and should not use it.  But some courts have expressed confusion about whether — and even accepted that — they must do so.  Meanwhile, notwithstanding the federal government shutdown, controversial government actions are ongoing, as are requests to the courts to halt those actions by way of injunctive relief.  It is thus of utmost importance that we promptly clarify the applicable preliminary injunction standard and unequivocally reject the panel majority's heightened one.  The plaintiffs' rehearing petition offering perhaps the first opportunity to do so, I cannot agree to any delay in the government's response.

I.

As background, this case concerns the unfettered, unprecedented, and apparently unnecessary access bestowed upon the President's new Department of Government Efficiency, or "DOGE," to highly sensitive personal information belonging to millions of Americans.  The Maryland district court entered a temporary restraining order in February

3

2025 and then a preliminary injunction in March 2025 barring the defendants — the U.S. Department of the Treasury, Department of Education, Office of Personnel Management, and their leaders — from disclosing personally identifiable information to DOGE and its affiliates. Although the relief was limited by the court to the plaintiffs — six individuals (each a military veteran) and five organizations (unions representing more than two million veterans, teachers, healthcare workers, and federal employees) — it had the practical effect of protecting *all* personally identifiable information in the defendant federal agencies' possession. That protection remained in place until our Court's panel majority stayed the preliminary injunction in April 2025, the full Court having denied my request for initial en banc consideration of the government's stay motion.

Thereafter, by the Panel Decision of August 2025, the panel majority wholly vacated the preliminary injunction. Announcing its new heightened preliminary injunction standard, the majority asserted that because the government contested several merits issues, the plaintiffs

> face what can be called a "multiplicative problem." Their likelihood of success overall is the product of their probability of success on each of the independent, dispositive issues. And as probabilities are multiplied, their product shrinks rapidly. Even if a plaintiff has good odds to win any one issue, their overall odds crater because they must run the table to ultimately prevail. The plaintiff must therefore show an extremely high likelihood of success on each individual issue in order to have a normal likelihood of success overall — otherwise, the product of the probabilities will be too low.

*See* Panel Decision 9. The majority provided an example for what it characterized as "clarity":

> If plaintiffs in a case had a 75% chance of prevailing on each of five independent issues, but they needed to prevail on *all* of them to receive relief,

4

> then their likelihood of overall success is $(0.75)^5 = {\sim}24\%$. Despite being 3:1 favorites on each issue, plaintiffs are 3:1 underdogs in the case overall. The other side's odds are mirrored; despite being 3:1 underdogs on each issue, defendants are 3:1 favorites overall. The mere existence of multiple issues disfavors plaintiffs.

*Id.* at 9 n.4. Applying its heightened standard, the majority faulted the district court for concluding that the plaintiffs "were likely to prevail on each [of the contested merits issues], and with such certainty that they were likely to succeed overall." *Id.* at 23. Those issues included Article III standing to sue, which the majority concluded the plaintiffs "seemingly lack." *Id.* at 12.

In my dissent, *see* Panel Decision 24-27 (King, J., dissenting), I advocated rejecting the panel majority's heightened standard and affirming the district court's preliminary injunction. I also observed that, in any event, similar questions about the applicable preliminary injunction standard and the standing and other contested merits issues were set to be considered and decided by our en banc Court in appeal No. 25-1411, *American Federation of State, County & Municipal Employees v. Social Security Administration* (the "*SSA* case"), concerning DOGE's access to personally identifiable information in Social Security records. The en banc argument of the *SSA* case was conducted on September 11, 2025, and the Court's decision has not yet been issued.

Now pending in this case is the plaintiffs' petition for rehearing en banc. *See Am. Fed'n of Tchrs. v. Bessent*, No. 12-1282 (4th Cir. Sept. 8, 2025), ECF No. 57. Therein, the plaintiffs contest the panel majority's heightened preliminary injunction standard on the grounds, inter alia, that it defies "the precedents of the Supreme Court, this Court, and every other Court of Appeals"; "purports to transform the traditional test for preliminary

relief into a flawed mathematical formula"; allows "the mere presence of multiple issues [to] 'crater[]' a plaintiff's ability to obtain preliminary relief," meaning that "it *does not matter* if plaintiffs are likely (or even very likely) to prevail on every dispositive issue"; and incentivizes defendants "to raise as many issues as possible — no matter how tenuous — to game the probabilities." *Id.* at 2 (quoting Panel Decision 9). Additionally, the plaintiffs contest the majority's standing ruling.

The government was directed to respond to the plaintiffs' rehearing petition and now moves to extend the time for filing its response, pending the restoration of appropriations to the Department of Justice. The plaintiffs oppose the government's motion, pointing to courts within this Circuit that already have used the panel majority's heightened preliminary injunction standard and warning that such "error will only proliferate among the district courts in the coming weeks and months." *See Am Fed'n of Tchrs. v. Bessent*, No. 25-1282, at 3 (4th Cir. Oct. 1, 2025), ECF No. 61. "This Court's en banc review is urgently needed," the plaintiffs insist, "to ensure that plaintiffs in this Circuit will have their claims for preliminary relief evaluated under the legally correct standard that had, prior to the [Panel Decision], prevailed for decades." *Id.* at 4.

## II.

In voting to deny the government's motion to extend the time for filing its response to the plaintiffs' petition for rehearing en banc, I recognize that there may be cases in which it is appropriate to suspend the proceedings pending the end of the federal government shutdown. This case, however, is not one of them.

As previously noted, I am particularly concerned that there is a belief among the courts of this Circuit that they are, or at least may be, obliged to apply the panel majority's heightened preliminary injunction standard. *See, e.g.*, *NAACP v. United States*, No. 8:25-cv-00965, at 29 (D. Md. Aug. 19, 2025), ECF No. 86 (denying preliminary injunction for failure to demonstrate "an extremely high likelihood of success on each individual issue in order to have a normal likelihood of success overall" (quoting Panel Decision 9)); *PSEG Renewable Transmission LLC v. Alvi Props., LLC*, No. 25-cv-02296, at 2 (D. Md. Sept. 2, 2025), ECF No. 156 (recognizing that "the Fourth Circuit has arguably heightened the standard for plaintiffs to show a likelihood of success on the merits," and concluding that the plaintiff "has demonstrated that it is entitled to a preliminary injunction here, including under the *American Federation of Teachers* standard" (citing Panel Decision 9)).

First of all, I emphasize that this is a misconception. Both the Supreme Court and this Court have assessed requests for preliminary injunctions involving multiple contested merits issues under the ordinary, longstanding preliminary injunction standard. *See, e.g.*, *Ramirez v. Collier*, 595 U.S. 411 (2022); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224 (4th Cir. 2014). Indeed, neither court has ever before employed a mathematical approach or treated this as some sort of "multiplicative problem" that required a showing of "an extremely high likelihood of success on each individual issue in order to have a normal likelihood of success overall." *See* Panel Decision 9. As such, the panel majority's new standard flouts binding Supreme Court and Fourth Circuit precedents, i.e., precedents that the panel majority had no authority to abrogate. *See State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) (underscoring that "it is [the Supreme] Court's prerogative

7

alone to overrule one of its precedents"); *McMellon v. United States*, 387 F.3d 329, 334 (4th Cir. 2004) (en banc) (resolving "that when there is an irreconcilable conflict between opinions issued by three-judge panels of [the Fourth Circuit], the first case to decide the issue is the one that must be followed, unless and until it is overruled by [the Fourth Circuit] sitting *en banc* or by the Supreme Court").  In these circumstances, the courts of this Circuit need not and should not utilize the heightened preliminary injunction standard.

I recognize, however, that courts may be unconvinced by this dissenting judge and yet question the applicability of the panel majority's new standard.  It is thus imperative that we explicitly reject the heightened standard at the first opportunity — which may be the *SSA* case, or may be this one.  The federal government shutdown only intensifies the urgency, as shutdown-era pleas for injunctive relief against the government are added to those already before the courts.  Consequently, rather than justifying a delay in the government's response herein, the shutdown renders it even more important that this case proceed apace.

Pursuant to the foregoing, I vote to deny the government's motion to extend the time for filing its response to the plaintiffs' petition for rehearing en banc.

8